**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **CLYDELLA STAPLETON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 2012-035** |
| | ) | |
| | ) | |
| **WENVI, INC. d/b/a WENDY'S,** | ) | |
| **WENHAVEN, INC. d/b/a WENDY'S, &** | ) | |
| **PETER KUMPITCH,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| ——————————————————— | ) | |

**Attorneys:**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
       *For the Plaintiff*

**Karin A. Bentz, Esq.,**
St. Croix, U.S.V.I.
       *For the Defendants*

<u>**MEMORANDUM OPINION AND ORDER**</u>

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendants' "Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted" (Dkt. No. 44), Defendants' "Motion for Summary Judgment" (Dkt. No. 98), and related motions. Because these potentially dispositive motions are directed at a Complaint which was subsequently amended, the Court will deny Defendants' Motion to Dismiss and Motion for Summary Judgment without prejudice, and deny as moot the related motions.

**Procedural History**

Plaintiff Clydella Stapleton ("Plaintiff") filed a Complaint on March 30, 2012 against

Defendants Wenhaven, Inc. d/b/a Wendy's ("Wenhaven") and Peter Kumpitch ("Kumpitch"), alleging that Defendants acted in violation of Plaintiff's rights under both the Fair Labor Standards Act and the Virgin Islands Fair Labor Standards Act; violated the Wrongful Discharge Act in terminating Plaintiff; and defamed Plaintiff. (Dkt. No. 1). On September 20, 2012, Plaintiff moved to amend her Complaint by adding WenVI, Inc. ("WenVI") and Wendy's International, Inc. ("Wendy's") as Defendants. (Dkt. No. 38). The Magistrate Judge denied Plaintiff's Motion to Amend on December 13, 2012 (Dkt. No. 69), and Plaintiff filed an Objection and Appeal of the Magistrate's Order on December 27, 2012 (Dkt. No. 72).

In the interim, Defendants filed a Motion to Dismiss the original Complaint on October 9, 2012, for failure to state a claim. (Dkt. No. 44). Defendants also filed a Motion for Summary Judgment directed at the original Complaint on April 8, 2013. (Dkt. No. 98). Three weeks later, on May 1, 2013, with Defendants' Motion to Dismiss and Motion for Summary Judgment still pending, the parties stipulated to the amendment of Plaintiff's Complaint to add WenVI as a party to the action (Dkt. No. 107), and Plaintiff filed her First Amended Complaint the same day (Dkt. No. 109).

On May 21, 2013, Plaintiff again moved to amend her Complaint. (Dkt. No. 114). The Magistrate Judge granted Plaintiff's Motion to Amend on June 20, 2013 (Dkt. No. 125), and Plaintiff filed her Second Amended Complaint on June 21, 2013 (Dkt. No. 126). Plaintiff's Second Amended Complaint added a fifth cause of action—claiming that Defendants violated their duty of good faith and fair dealing by deceit and misrepresentation—and added or altered other allegations.

## Operative Complaint

When an amended complaint does not reference or incorporate the prior complaint, the

2

modified complaint functions as the operative complaint, superseding the prior complaint in its entirety. *W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (citing *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1504 (3d Cir. 1996)); *see also* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 at 636 (3d ed. 2010). Plaintiff has filed two amended complaints in this case, both of which were properly filed. The parties stipulated to the First Amended Complaint and the Magistrate Judge granted leave to file the Second Amended Complaint. Plaintiff's First Amended Complaint superseded the original complaint, and Plaintiff's Second Amended Complaint superseded the First Amended Complaint. Therefore, Plaintiff's Second Amended Complaint is the operative pleading in this case.

## Pending Motions

There are several pending motions in this case, most of which stem from Defendants' original Motion to Dismiss (Dkt No. 44) and Defendants' Motion for Summary Judgment (Dkt. No. 98). Both the Motion to Dismiss and the Motion for Summary Judgment were filed in response to Plaintiff's original complaint, which named only Kumpitch and Wenhaven as defendants. Plaintiff's Second Amended Complaint now includes WenVI as a party, an additional cause of action, and several altered or additional allegations.

District courts commonly exercise their discretion, as appropriate, to dismiss as moot dispositive motions directed at complaints that have been superseded. *See, e.g.*, *Josse v. United States*, 2013 U.S. Dist. LEXIS 4604, at *2 n.1 (D.V.I. Jan. 11, 2013) ("In view of Plaintiff's filing of the Second Amended Complaint, the Court will deny as moot VIPA's Motion to Dismiss the First Amended Complaint."); *Bisson v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 165084, *4–5 (W.D. Wash. Nov. 16, 2012) ("[T]he Court declines to consider Defendants'

motion to dismiss as addressing the amended complaint instead of the original complaint. Although the two complaints are similar in many ways, the amended complaint alleges facts, claims, and legal theories that do not appear in the original complaint. Further, the Amended Complaint appears to respond directly to many of the concerns raised by Defendants' motion to dismiss."); *Wagner v. Choice Home Lending*, 266 F.R.D. 354, 360 (D. Ariz. 2009) ("As both motions pertain to Plaintiff's original complaint and Plaintiff has since filed an Amended Complaint, both motions are now moot."); *Garibaldi v. JPMorgan Chase Bank, N.A.*, 2009 U.S. Dist. LEXIS 49930, at *1 (E.D. Cal. May 28, 2009) ("The amended complaint has superseded the original complaint in its entirety, and the court is now proceeding with the amended complaint. Thus, Defendants' motion addressing the original complaint is now moot."); *Ezonics Corp. v. Primax Electronics, Ltd.*, 2005 U.S. Dist LEXIS 48148, at *1 (N.D. Cal. Apr. 13, 2005); *but see Jordan v. Philadelphia*, 66 F. Supp. 2d 638, 641 n.1 (E.D. Pa. 1999); 6 Wright & Miller, § 1476 at 638.

As noted above, in the instant case, Plaintiff's Second Amended Complaint differs from the original Complaint by adding WenVI as a party, adding a cause of action, and adding or altering many allegations (*see* Dkt. No. 126 at ¶¶ 9, 19, 22–28, and 33). Given the variance created by the amendments, the Court finds that ruling on the Motion to Dismiss the original Complaint and the Motion for Summary Judgment directed at the original Complaint would not be an efficient and effective way of addressing the issues now before the Court in Plaintiff's Second Amended Complaint.

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that Defendants' "Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted" (Dkt. No. 44) is **DENIED WITHOUT PREJUDICE**; and it is

further

  **ORDERED** that Plaintiff's "Motion for Extension of Time" (Dkt. No. 47) is **DENIED AS MOOT**; and it is further

  **ORDERED** that Defendants' "Motion to Strike Plaintiff's Response in Opposition to Defendants' Motion to Dismiss" (Dkt. No. 59) is **DENIED AS MOOT**; and it is further

  **ORDERED** that Plaintiff's "Objection and Appeal of Magistrate's Order Dated December 13, 2012 (Doc. No. 69) Denying Plaintiff's Motion to Amend Complaint" (Dkt. No. 72) is **DENIED AS MOOT**; and it is further

  **ORDERED** that Defendants' "Motion for Summary Judgment" (Dkt. No. 98) is **DENIED WITHOUT PREJUDICE**; and it is further

  **ORDERED** that Plaintiff's "Motion for Extension of Time to File Response to Defendants' Summary Judgment Motion" (Dkt. No. 110) is **DENIED AS MOOT**; and it is further

  **ORDERED** that Defendants' "Motion to Strike/Not Consider Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment" (Dkt. No. 120) is **DENIED AS MOOT**; and it is further

  **ORDERED** that Defendants' "Motion for Extension of Time to File Reply" (Dkt. No. 121) is **DENIED AS MOOT**; and it is further

  **ORDERED** that Plaintiff's "Motion to Strike Defendants' Second Statement of Undisputed Facts and Reply Brief" (Dkt. No. 131) is **DENIED AS MOOT**; and it is further

**ORDERED** that Defendants' "Motion to Amend/Correct Opposition to Motion to Exceed Page Limit" (Dkt. No. 134) is **DENIED AS MOOT**.

**SO ORDERED.**

Date:  August 28, 2013

                                                  _____/s/_____
                                                  WILMA A. LEWIS
                                                  Chief Judge