DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **CLYDELLA STAPLETON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 2012-035 |
| ) | |
| **WENVI, INC. d/b/a WENDY'S,** ) | |
| **WENHAVEN, INC. d/b/a WENDY'S, &** ) | |
| **PETER KUMPITCH,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**Attorneys:**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiff*

**Peter Kumpitch**
St. Croix, U.S.V.I.
    *Pro Se*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendants' "Motion to Dismiss Count V of Plaintiff's Second Amended Complaint and to Dismiss All Claims Against WenVI, Inc." (Dkt. No. 158), Plaintiff's Opposition thereto (Dkt. No. 166), and Defendants' Reply (Dkt. No. 168). For the reasons discussed below, the Court will grant Defendants' Motion to Dismiss Count V and will deny as moot Defendants' Motion to Dismiss All Claims Against WenVI, Inc.

### I.  BACKGROUND

**A.  Procedural Background**

Plaintiff Clydella Stapleton ("Plaintiff") filed a Second Amended Complaint on June 21,

2013 against Defendants Wenhaven, Inc. d/b/a Wendy's ("Wenhaven"); WenVI, Inc. d/b/a Wendy's ("WenVI"); and Peter Kumpitch, alleging that Defendants violated Plaintiff's rights under both the federal Fair Labor Standards Act and the Virgin Islands Fair Labor Standards Act; violated the Wrongful Discharge Act; breached the covenant of good faith and fair dealing; and defamed Plaintiff. (Dkt. No. 126). On August 9, 2013, Defendants filed their "Motion to Dismiss Count V of Plaintiff's Second Amended Complaint and to Dismiss All Claims Against WenVI, Inc." (Dkt. No. 158).

Defendants' Motion to Dismiss All Claims Against WenVI was premised on allegedly deficient service of process. (Dkt. No. 158-1 at 1–3). Defendants also raised this argument in a Motion to Quash (Dkt. No. 147), which the Magistrate Judge denied on September 3, 2013 (Dkt. No. 167). In response to the Magistrate Judge's Order to Show Cause "why the portion of their motion regarding sufficiency of process upon Defendant WENVI, Inc., should be granted" (Dkt. No. 191), Defendants stated that the service issue was resolved by the Magistrate Judge's September 3, 2013 Order (Dkt. No. 192). Accordingly, the Motion, as it pertains to the claims against WenVI, is moot, and the only issue before the Court is Defendants' Motion to Dismiss Count V of the Second Amended Complaint—a claim for breach of the covenant of good faith and fair dealing.

**B.     Factual Background**

In view of the applicable legal standard, *see infra*, Part II, the following facts alleged in the Second Amended Complaint are accepted as true for purposes of Defendants' Motion.[1]

Plaintiff was the night shift manager at Wendy's on St. Croix from 2001 through 2011. (Dkt. No. 126 at ¶¶ 6–7, 31). Her duties included managerial tasks, servicing the counter,

---

[1] The facts as alleged in the complaint are taken as true for purposes of a motion to dismiss for failure to state a claim. *S.H. v. Lower Merion Sch. Dist.*, 729 F.3d 248, 256 (3d Cir. 2013).

operating the registers, conducting payroll, participating in inventory, unloading trailers, and performing the work of regular employees. (*Id.* at ¶ 10). Additionally, she was responsible for counting the money at the end of the night and preparing the deposit slips for the following morning. (*Id.* at ¶ 14).

On the evening of July 23, 2011, Plaintiff completed a shift and then counted two bags of money—one containing approximately $1,200 from the front cash registers, and the other containing approximately $1,800 from the drive through register. (*Id.* at ¶ 15). She "logged in" each of the deposits, filled out deposit slips, placed the money in sealed bags, locked them in a safe, "logged the amounts in the book," and then left for the night. (*Id.* at ¶ 16).

The next day, Plaintiff was informed that the $1,800 bag was missing and the video from the security cameras had been erased. (*Id.* at ¶ 18). Although Plaintiff had followed Defendants' procedure and locked the deposit bag in the safe, the next day the safe was opened and left open. (*Id.* at ¶ 24). Various people other than Plaintiff had access to the safe. (*Id.* at ¶ 25).

Plaintiff continued working until October 13, 2011, when WenVI's area manager fired her on behalf of Peter Kumpitch, the president of WenVI. (*Id.* at ¶ 31; Dkt. No. 166 at 6). Defendants gave Plaintiff a letter accusing her of failing to verify the amount of money in the bag; failing to list the bag in the log; and failing to try to track down the missing deposit slips. (Dkt. No. 126 at ¶ 32). Defendants informed employees and others that Plaintiff had caused the disappearance of the money bag and deposit slips and "clearly inferred" that Plaintiff was involved in stealing the money. (*Id.* at ¶¶ 33–34). Further, Defendants accused Plaintiff of failing to follow the "nonexistent money handling procedures." (*Id.* at ¶ 33). Defendants also claimed that they had cameras, when they did not, and that they had investigated and concluded that only Plaintiff had access to the bag, when they knew that was not true. (*Id.*).

## II. APPLICABLE LEGAL PRINCIPLES

Under the Supreme Court decisions in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when presented with a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6):

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679); *Acosta v. Hovensa, LLC*, 53 V.I. 762, 770 (D.V.I. 2010). "A district court may grant the motion to dismiss only if, accepting all factual allegations as true and construing the complaint in the light most favorable to plaintiff, it determines that plaintiff is not entitled to relief under any reasonable reading of the complaint." *Acosta*, 53 V.I. at 771 (citing *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (internal quotations and brackets omitted)).

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McTernan v. City of York*, 577 F.3d 521, 531 (3d Cir. 2009) (citing *Iqbal*, 556 U.S. at 678–79). While the Court must determine whether the facts as pleaded state a plausible claim for relief, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely." *Fowler,* 578 F.3d at 213 (quoting *Twombly*, 550 U.S. at 556).

## III. DISCUSSION

Defendants contend that Plaintiff's Second Amended Complaint fails to state a claim for breach of the covenant of good faith and fair dealing. The Court agrees.

**A.     Legal Standard**

In *Chapman v. Cornwall*, the Supreme Court of the Virgin Islands noted that "'[a] successful claim [for breach of the duty of good faith and fair dealing] requires proof of acts amounting to fraud or deceit on the part of the employer.'" 58 V.I. 431, 441–42 (V.I. 2013) (quoting *Pennick v. V.I. Behavioral Serv., Inc.*, 2012 U.S. Dist. LEXIS 23402, at *8–9 (D.V.I. Feb. 22, 2012)). Without identifying the specific elements of "fraud or deceit," the *Chapman* court concluded that the plaintiff had failed to present evidence sufficient to support such a finding, and thus to survive summary judgment on his claim for breach of the duty of good faith and fair dealing.[2]

However, when the Supreme Court of the Virgin Islands has evaluated whether a criminal defendant has violated Title 14 V.I.C. § 834(2), which criminalizes "defraud[ing] any other person of money or property," "by false or fraudulent representations or pretenses," but "does not define false, fraudulent representations, or what constitutes defrauding another of money or property," the court has "used the definition of fraud that is consistent with the common law construction which establishes that 'a person 'defrauds' another if he makes a representation of an existing material fact, knowing it to be false, . . . intending one to rely and under circumstances in which such person does rely to his damage." *Todmann v. People of the Virgin Islands*, 59 V.I. 926, 941–42 (V.I. 2013) (quoting *Bowry v. People of the Virgin Islands*,

---

[2] The *Chapman* court noted:
> Regardless of whether Chapman presented evidence that would have allowed a finder of fact to conclude he was terminated for pretextual reasons, he did not present sufficient evidence concerning this alleged "pretext" to have allowed a finder of fact to determine that the actions of Cornwall or VIWMA amounted to fraud or deceit. Instead, he merely alleged, without any proof, that he was terminated for refusing to comply with purportedly improper requests made by Cornwall. Consequently, Chapman failed to establish a genuine dispute of any breach under this theory.

58 V.I. at 442 (citations omitted).

52 V.I. 264, 269 (V.I. 2009) (citing *Gov't of the Virgin Islands v. Adams-Tutein*, 47 V.I. 514, 522 (D.V.I. App. Div. 2005) (quoting BLACK'S LAW DICTIONARY 423 (6th ed. 1990)))); *see also Restatement (Second) of Torts* § 525 (Liability for Fraudulent Misrepresentation) ("One who fraudulently makes a misrepresentation of fact, opinion, intention or law for the purpose of inducing another to act or to refrain from action in reliance upon it, is subject to liability to the other in deceit for pecuniary loss caused to him by his justifiable reliance upon the misrepresentation.").

As the Supreme Court of the Virgin Islands determined in the context of 14 V.I.C. § 834(2), this Court has applied "the common law construction" of fraud in the good faith and fair dealing context. This Court explained in *Galloway v. Islands Mech. Contractor, Inc.*:

> To succeed on a cause of action for breach of the covenant of good faith and fair dealing, a plaintiff must prove acts by the defendant that amount to fraud, deceit, or misrepresentation. To successfully allege an act of fraud or misrepresentation, a complainant must demonstrate: (1) a knowing misrepresentation of a material fact, (2) intent by the defendant that the plaintiff would rely on the false statement, (3) actual reliance, and (4) detriment as a result of that reliance.

2012 U.S. Dist. LEXIS 129014, at *57 (D.V.I. Sept. 11, 2012) (citations and internal quotation marks omitted); *see also See Mendez v. Puerto Rican Int'l Cos., Inc.*, 2013 U.S. Dist. LEXIS 147648, at *51–53 (D.V.I. Oct. 9, 2013) (applying the same standard); *Magras v. De Jongh*, 2013 U.S. Dist. LEXIS 25782, at *24–26 (D.V.I. Feb. 26, 2013) (same); *Mendez v. Coastal Sys. Dev., Inc.*, 2008 WL 2149373, at *9–10 (D.V.I. May 20, 2008) (same).[3]

---

[3] In a line of cases beginning with *Banks v. Int'l Rental & Leasing Corp.*, the Supreme Court of the Virgin Islands held that, in the absence of Supreme Court precedent on a common law rule, superior courts in the Virgin Islands must conduct what has become known as a "*Banks* analysis" to determine the correct legal standard. 55 V.I. 967 (V.I. 2011); *see also Faulknor v. Virgin Islands*, 2014 V.I. LEXIS 6 (V.I. Super. Ct. Feb. 19, 2014). In a *Banks* analysis, a court balances "three non-dispositive factors":
  (1) Whether any Virgin Islands courts have previously adopted a particular rule;
  (2) the position taken by a majority of courts from other jurisdictions; and

Plaintiff asserts that she "was terminated for the missing deposit after having done nothing wrong," and that "[t]hese types of allegations have previously survived summary judgment in this Court far less a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." (Dkt. No. 166 at 10) (citing *Prentice v. OfficeMax North America*, 2012 U.S. Dist. LEXIS 35090 (D.V.I. Mar. 15, 2012)). To the extent that *Prentice* may be read to suggest that, under Virgin Islands law, a demonstration of detrimental reliance is not necessary to establish fraud, the Court respectfully disagrees. *See Chapman*, 58 V.I. at 441–42; *Todmann*, 59 V.I. at 941–42; *Puerto Rican Int'l Cos., Inc.*, 2013 U.S. Dist. LEXIS 147648, at *51–53; *Magras*, 2013 U.S. Dist. LEXIS 25782, at *24–26; *Galloway*, 2012 U.S. Dist. LEXIS 129014, at *57; *Coastal Sys. Dev., Inc.*, 2008 WL 2149373, at *9–10.[4]

**B.     Analysis**

Plaintiff states her breach of good faith and fair dealing claim in Count V as follows:

To the extent Plaintiff is found to be a management employee at will, Defendants

---

(3) most importantly, which approach represents the soundest rule for the Virgin Islands. *Simon v. Joseph*, 59 V.I. 611, 624 (V.I. 2013) (citing *Matthew v. Herman*, 56 V.I. 674, 680–81 (V.I. 2013)). The Court finds that a *Banks* analysis is unnecessary here, as there is precedent from the Supreme Court of the Virgin Islands to apply the common law construction of fraud when it is left undefined. *See Todmann*, 59 V.I. at 941–42.

[4] Additionally, Plaintiff cites two cases where courts applied Delaware law to claims for breach of good faith and fair dealing. *Farrell v. AstraZeneca Pharms., LP*, 2005 U.S. Dist. LEXIS 18866 (D. Del. Sept. 2, 2005) (holding that a breach of good faith and fair dealing claim survived summary judgment); *Cimino v. Del Dep't of Labor*, 2002 U.S. Dist. LEXIS 2979 (D. Del. Feb. 15, 2002) (holding that a breach of good faith and fair dealing claim survived a Rule 12(b)(6) motion to dismiss). The Delaware courts have established four distinct categories in which good faith and fair dealings claims can be brought in the employment context: "(1) where the termination violates public policy and no other remedial scheme exists; (2) where the employer misrepresented an important fact and the employee relied thereonto [sic] either accept a new position or remain in a present one; (3) where the employer used its superior bargaining power to deprive an employee of clearly identifiable compensation earned through the employee's past service; and (4) where the employer falsified or manipulated employment records to create fictitious grounds for termination." *Cimino*, 2002 U.S. Dist. LEXIS 2979, at *10 (citation omitted). Because Delaware law is discernably different from Virgin Islands law and these cases applied Delaware law, they are inapposite to the present case.

>violated their duties of good faith and fair dealing by deceit and misrepresentations as well as in other ways to include but not limited to making knowingly false accusations against he [sic], that she had not prepared the deposit slip, that she had caused a bag of money to go missing, that Defendants were adhering to Wendy's money handling policies, that Plaintiff had violated those policies, that it had cameras where it did not, that it had investigated what happened to the missing bag and the investigation concluded that only Plaintiff had access to the bag when it knew that was not true.

(Dkt. No. 126 at ¶ 51). Even assuming that Plaintiff's allegations constitute knowing misrepresentations by Defendants, Plaintiff's statement of her breach of good faith and fair dealing claim is bereft of any allegations of detrimental reliance. Accordingly, Plaintiff has failed to state a claim for breach of the covenant of good faith and fair dealing. *Galloway*, 2012 U.S. Dist. LEXIS 129014, at *57.

In her Opposition, Plaintiff argues that "[p]aragraphs 22–34 of Plaintiff's SAC [Second Amended Complaint] provide clear and detailed factual allegations regarding the circumstances surrounding the missing deposit, Plaintiff's actions, and the wrongfulness of Defendants' conduct with regard to terminating Plaintiff's at will employment." (Dkt. No. 166 at 9). She further argues that she "was terminated for the missing deposit after having done nothing wrong." (*Id.*). However, even accepting Plaintiff's allegations in paragraphs 22–34 as true—as the Court must, *Fowler*, 578 F.3d at 210—Plaintiff failed in those paragraphs to allege that she relied in any way—let alone to her detriment—on Defendants' allegedly knowing misrepresentations. *Galloway*, 2012 U.S. Dist. LEXIS 129014, at *57.

Plaintiff attempts to broadly address the "fraud, deceit, and misrepresentation" standard in the last line of her Opposition:

>Defendants' proffered reasons for termination of Plaintiff were false and Defendants knew them to be false at the time of Plaintiff's termination and Plaintiff can therefore prove that Defendants [sic] conduct was fraudulent, deceitful or otherwise inconsistent with the purpose of the at-will employment agreement or the reasonable expectations of the parties.

(Dkt. No. 166 at 11) (citing *Webster v. CBI Acquisitions, LLC*, 2012 V.I. LEXIS 9 (V.I. Super Ct. Mar. 5, 2012)). Once again, however, even accepting these factual allegations as true, none of them even hint at detrimental reliance by Plaintiff on Defendants' allegedly knowing misrepresentations. *Galloway*, 2012 U.S. Dist. LEXIS 129014, at *57.

In *Puerto Rican Int'l*, the court granted summary judgment to the defendant on the plaintiffs' good faith and fair dealing claim, because the court found that the plaintiffs "failed to provide evidence that they *detrimentally relied* upon [the defendants'] purportedly fraudulent reasoning for their termination." 2013 U.S. Dist. LEXIS 147648, at *51–53 (emphasis added). By contrast, this Court held in *Magras* that the plaintiff had alleged sufficient facts in support of her good faith and fair dealing claim to survive judgment on the pleadings:

> The Complaint alleges that Defendants promised Plaintiff that she would earn compensatory time for hours worked in excess of forty hours per week; Defendants never intended to fulfill this promise; and *Plaintiff detrimentally relied* by accruing 2245 hours of compensatory time without remuneration. One could reasonably infer from the allegations in the Complaint—which must be accepted as true—that Defendants intended for Plaintiff to rely on the promise of compensatory time, but had no plan of honoring the promise. Such an inference could be drawn from Plaintiff's allegations that, after multiple meetings on the subject (and many hundreds of hours of compensatory time accrued), Defendants instructed Plaintiff to continue working until Defendants could "figure out" a way to honor their promise, and then subsequently removed Plaintiff from the DSO position without honoring the promise.

2013 U.S. Dist. LEXIS 25782, at *24–26 (emphasis added).

Similarly, in *Coastal Systems*, the court found that "[b]ecause Plaintiff . . . sufficiently alleged an act by Defendant that amount[ed] to fraud, deceit, or misrepresentation," the plaintiff's good faith and fair dealing claim was "not subject to dismissal for failure to state a claim." 2008 WL 2149373, at *10. To establish that the plaintiff had sufficiently alleged acts amounting to fraud, deceit, or misrepresentation, the court in *Coastal Systems* applied the four

9

elements of common law fraud:

> Plaintiff alleged in paragraph 11 of the Complaint that Defendant promised to discipline Plaintiff's supervisor and alleged in paragraph 16 of the Complaint that he was falsely told that there was no work for him. The Court finds that Defendant's alleged false promise to discipline Vice constitutes a knowing misrepresentation of material fact that defendant intended Plaintiff to rely on and Plaintiff did so rely to his detriment. Defendant allegedly made the promise to discipline Vice because he wanted Plaintiff to continue working under Vice's supervision, which Plaintiff did, subjecting himself to further harassment by Vice. The Court finds that Defendant's alleged false statement, telling Plaintiff that there was no work for him, does not sufficiently allege an act of fraud or misrepresentation due to a lack of any detrimental reliance by Plaintiff. Regardless, Plaintiff's allegations in paragraph 11 satisfy the four essential elements required to demonstrate fraud or misrepresentation. Therefore, the Court finds that Plaintiff has sufficiently alleged an act by Defendant that amounts to fraud, deceit or misrepresentation.

*Id.*

Here, Plaintiff alleges that Defendants engaged in fraudulent conduct by making knowingly false accusations against her, giving false reasons for her termination and making knowing misrepresentations regarding the conduct of an investigation, but fails to indicate how she relied on such purportedly fraudulent conduct. Unlike the plaintiff in *Magras*, whose alleged detrimental reliance came in the form of "2245 hours of compensatory time without remuneration," and the plaintiff in *Coastal Systems*, whose alleged detrimental reliance came in the form of continuing to work in an allegedly hostile work environment, Plaintiff here has failed to point to any way in which relied at all—let alone to her detriment—on Defendants' purportedly fraudulent and deceitful acts. Accordingly, Plaintiff has failed to state a claim for breach of the implied covenant of good faith and fair dealing.[5]

---

[5] In their Motion, Defendants argued that Plaintiff's "Complaint contains insufficient factual allegations to support a plausible claim that a contract existed between Plaintiff and Defendants, let alone that some contract created a duty that was breached by Defendants." (Dkt. No. 158-1 at 4). However, in their Reply, Defendants conceded that "Plaintiff alleged sufficient facts to establish the existence of a contract" (Dkt. No. 168 at 2) and further that all employment

### IV. CONCLUSION

For the reasons stated above, the Court will grant Defendants' Motion to Dismiss Count V; dismiss Count V without prejudice; and deny as moot Defendants' Motion to Dismiss All Claims Against WenVI. An appropriate Order accompanies this Memorandum Opinion.

Date: July 30, 2014
       /s/       
WILMA A. LEWIS
Chief Judge

---

contracts in the Virgin Islands, including at-will employment contracts, incorporate the duty of good faith and fair dealing. (*Id.* at 2 n.1) (citing *Tweed v. Metro Motors, SC, Inc.*, 2008 WL 5632263, at *10 (D.V.I. Feb. 26, 2008)).